UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION




| | | |
|---|---|---|
| ROCKEFELLER F. COOPER II, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case N0: 2:17-cv-01997-SGC |
| JEFFERSON COUNTY CORONER AND | ) | |
| MEDICAL EXAMINER | ) | |
| OFFICE: | ) | |
| **Dr. Gregory G. Davis** | ) | |
| (Chief Coroner/Medical Examiner) | ) | |
| | ) | |
| **Julieanna Dufek** | ) | |
| (Forensic Pathology Assistant) | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S AMENDED COMPLAINT AGAINST JEFFERSON COUNTY CORONER AND MEDICAL EXAMINER OFFICE**

1

## INTRODUCTION

As recommended by this court in a correspondence which was received on the **5th day of January 2018**, Plaintiff Rockefeller F. Cooper II, proceeding Pro Se, submits an AMENDED COMPLAINT as an action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., and 42 U.S.C. 1981a.

This AMENDED COMPLAINT serves as an action to remedy acts of employment discrimination perpetrated against him by the JEFFERSON COUNTY CORONER AND MEDICAL EXAMINER OFFICE (**JCCMEO**). Plaintiff contends that **JCCMEO** violated his rights under TITLE VII by wrongfully terminating him because of "intentional retaliation and discrimination based on race and national origin".

## JURISDICTION

This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 and 42 U.S.C. 1981a.

## VENUE

Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) as Plaintiff was employed by the JEFFERSON COUNTY CORONER AND MEDICAL EXAMINER OFFICE via Jefferson

County in the State of Alabama at the time of his termination. Plaintiff's employment records are maintained by the said entity in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district as well.

## PARTIES

Since November 2, 2016, Rockefeller F. Cooper II (Plaintiff) was hired by Jefferson County, where he served as a Morgue Technician with JEFFERSON COUNTY CORONER AND MEDICAL EXAMINER OFFICE until March 29, 2017 when he was removed from his employment as a Morgue Technician by the institution.

## STATEMENT OF FACT

Plaintiff Rockefeller F. Cooper II was hired by Jefferson County for the position of Morgue Technician after completing a competitive examination for the said position in addition to his knowledge and experience in Forensic Science. During his period of employ, he experienced a variety of mistreatment from his immediate supervisor (Ms. Julieanna Dufek) including being retaliated against by the same individual. His racially white co-workers were not subjected to such ill treatments. All efforts to have Dr. Gregory Davis (Chief Coroner/Medical Examiner) understand and address the plaintiff's complaints and grievances through meetings held in his office did not materialize, instead he became prejudice and always sided with Ms. Dufek based on the fact that he

has been working with her for many years and could not understand why she would mistreat the plaintiff as compared to his ALL WHITE co-workers. Dr. Davis never conducted a full investigation to address these issues.

## Amended Complaints Against Defendants

I. Dr. Gregory Davis:

   A. On 01/19/2017, during a meeting, Plaintiff Cooper voiced out to Dr. Davis how his supervisor (Julieanna Dufek) was being verbally abusive towards him and how uncomfortable her behavior had made him. A follow-up meeting was to be held but never happened.

   B. On 02/09/2017, the plaintiff met with Dr. Davis and Ms. Julieanna Dufek regarding his evaluation for his first three months as a Morgue Technician. As this would have also served as a perfect opportunity for Dr. Davis to have addressed his concerns that were mentioned on 01/19/2017, since he (Dr. Davis) never called the "follow-up" meeting, instead he (Dr. Davis) threatened to fire Plaintiff Cooper if he did not make some necessary work adjustments.

C. On 03/14/2017, Plaintiff Cooper submitted an opposition to Dr. Davis regarding allegations of him opening a body (Case # 2017-0720: Nicole Williams) without authorization. Dr. Davis responded by saying that there was going to be a meeting the next day, but that never happened, instead it was ignored; even though the plaintiff tried reminding Dr. Davis about the situation. To Plaintiff Cooper's outmost surprise, on the 22nd of March, 2017; he received a "Notice for Contemplated Disciplinary Action" from Dr. Davis which had to do with the above mentioned incident and two others that would be addressed later.

D. On 03/21/2017, during another meeting with Dr. Davis regarding an incident in the morgue[ Please see initial doc submitted to the Court], Plaintiff Cooper once again voiced out how discriminative and retaliative Supervisor Dufek had been towards him as compared to how the other supervisor (Randy Roper) treated him. This had to do with the fact that the other Morgue Technicians who were all Caucasian Americans, were not being mistreated as compared to Plaintiff Cooper who happened to be a Negro-African and not being retaliated against by Ms. Dufek for whatever reason she saw fit. Dr. Davis responded by alluding to the fact that Ms. Dufek and Mr. Roper are two different people as a way of justifying her actions. He also pointed out that Mr. Roper was probably not as aggressive to Plaintiff Cooper because Mr. Roper was not his supervisor, a point which the plaintiff disagreed with because during Ms. Dufek's absence, Mr. Roper did supervise him.

E. On the same 03/21/2017, Plaintiff Cooper had submitted a written complaint of harassment [Exhibit D] against a fellow morgue technician (Mr. Barry Franklin) to Dr. Davis. Instead of addressing the matter, he referred the plaintiff o the Department of Affirmative Actions but yet this complaint had to do with one of the reasons as to why the plaintiff had lost his job.

In this light, in can be pointed out that Dr. Davis's act of being prejudice and failure to address the plaintiff's complaints and grievances had him subjected to being in a hostile environment and emotionally abused until his suspension and subsequent termination, which ironically was facilitated by the same Dr. Gregory Davis without affording the plaintiff any Due Process.

II. Julieanna Dufek:

A. On March 13, 2017, Ms. Dufek decided to cover up the apparent wrong instruction that was given to Plaintiff Cooper by Dr. Brandi McCleskey (Forensic Fellow) in regards to opening the body of decedent Nicole Williams (Case# 2017-0720). In a written reprimand that was received on the said date, Ms. Dufek pointed out that Plaintiff Cooper acted contrary to instructions given by Fellow Pathologist in training; Dr. Brandi McCleskey not to open the decedents body but to rather wait for Dr. Dan Atherton (Forensic Pathologist). When Plaintiff Cooper was instructed to open the body, contrary to the point being made by Supervisor

Dufek, she was not around but instead crafted a letter as if she was present and also claimed that Resident Pathologist Joseph Dweaga had confirmed the allegations. However, during a meeting held behind close door in her office with Plaintiff Cooper, she added a twist to the story where Cooper was now being blame because he should not have listened to Dr. McCleskey who was still a "Fellow in training" and not a "full-fledged pathologist", even though Ms. Dufek had the plaintiff to work with and take instructions from Dr. McCleskey on numerous occasions in the past. This act of hers played a role in his termination.

B. She formulated a complaint on March 17, 2017 which was also used to have Plaintiff Cooper terminated. Here, he was being accused of not following a standard operating procedure with regards to organ removal. This incident DID NOT take place. To support her act of discrimination and retaliation against him, let the COURT be informed that Ms. Dufek is off from work on Fridays (March 17, 2017) and Saturdays. Therefore, her complaint is not valid other than to support her constant behavior of mistreatment towards Plaintiff Cooper. Even if she heard such story from someone, the plaintiff was never confronted so as to hear his side of the story and he only became aware of this on the 22nd of March 2017 when he was suspended from work as it was manifested in his "Notice for Contemplated Disciplinary Action" from Dr. Gregory Davis.

C. After Plaintiff Cooper made her aware of his training as a medical doctor and a forensic scientist, working with Ms. Dufek became quite tense. This was based

on the fact that she would at times make comments such as "Even though you are a doctor, we have to do this procedure this way or that way", all of which was unnecessary as the plaintiff was in no opposition to any of the operating procedures.

## IMPACT Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.

### 1. Disparate Treatment:

Plaintiff was intentionally discriminated against based on his race, national origin and level of education. This can be clearly seen based on issues raised in the previous complaint that was presented to the court as well as the points made in this document as well. On the other hand, my co-workers were not treated this way.

### 2. Equitable Relief:

Due to Plaintiff's passion for forensic pathology as a future career he quitted his previous employment and accepted a Morgue Technician position at the JCCMEO. After his wrongful termination, he had to endure some months of financial hardship.

## PRAYER FOR RELIEF

### 1. Disparate Treatment Relief:

Compensation against the employ of intentional discrimination by the Defendant in whatever amount Plaintiff is found to be entitled.

### 2. Equitable Relief:

Whatever equitable relief appears appropriate at the time of final judgement.

## CONCLUSION

As Plaintiff Rockefeller F. Cooper II has filed a complaint with this court seeking judgement against the Jefferson County Coroner & Medical Examiner Office (JCCMEO) for violating his civil rights under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e(a) which states: "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin," the plaintiff humbly ask that this court looks into his case so that justice may be served. With this being said, if justice is allowed in this case, such behavior against others of color, national origin and higher education WILL be deterred.

Respectfully Submitted,

Rockefefeller F. Cooper II, MD

January 9, 2018

Home: 3502 Inverness Cliff Dr.
Birmingham, AL 35242

P.O. Box 19322
Birmingham, AL 35219

334-233-9274