FILED

2018 May-24  AM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |
|---|---|
| )<br>)<br>) | |
| ROCKEFELLER F. COOPER, II   ) | |
| ) | CASE NO : 2:17-CV-1997-AKK |
| PLAINTIFF,   ) | |
| ) | |
| ) | PLAINTIFF'S FIRST REQUEST TO |
| ) | JEFFERSON COUNTY FOR PRO- |
| ) | DUCTION OF DOCUMENTS |
| VS.   ) | |
| ) | |
| ) | |
| JEFFERSON COUNTY CORONER   ) | |
| AND MEDICAL EXAMINER OFFICE,   ) | |
| ET AL.   ) | |
| ) | |
| DEFENDANTS.   ) | |

PROPOUNDING PARTY : PLAINTIFF Rockefeller F. Cooper, II

RESPONDING PARTY :
DEFENDANT, County of Jefferson

SET NO. : ONE (1)

TO DEFENDANT Jefferson County Coroner's and Medical Examiners Office AND TO ITS ATTORNEYS

OF RECORD HEREIN:


**REQUEST IS HEREBY MADE** upon you, pursuant to Federal Rule of Civil Procedure 26, to produce to Plaintiff the documents and tangible things described below, within thirty days of service upon you.

**INSTRUCTIONS**

The following instructions are to be considered applicable to this request with respect to each document sought herein:

## 1. ORIGINAL DOCUMENTS

In producing these documents, you are requested to produce originals, not copies, of the documents requested. You are also requested to furnish all documents known or available to you, regardless of whether these documents are held or produced directly by you or your agent, employees, representatives, investigators, partners, or by your attorneys or their agents, employees, representatives or investigators. The documents which are sought by this request for production shall include not only those documents which are in the dominion or control of yourself, or your representatives or agents, but also those which are held by anyone on your behalf, and not merely such documents as are known to you of your own personal knowledge.

## 2. COPIES

If a document was prepared in several copies, or if additional copies were thereafter made, and if such copies are not identical or are no longer identical by reason of subsequent notations or modifications of any kind whatsoever, including without limitation, notations on the front and the back of the pages thereof, then each such non-identical copy is a separate document and must be produced.

## 3. PRIVILEGES

In the event that you seek to withhold any documents on the basis that it is properly entitled to limitation of discovery, or is subject to any privilege, please identify each such document withheld by providing the following information:

A. The date of the document;

B. The subject to which the document relates;

C. The author of the document, and the author's address;

D. The name of the recipient, addressee, or party for whom such document was intended, and the name of all other persons to whom the document or copies thereof were furnished, as well as those to whom it, or copies thereof, became available at any time, together with the job title and address of each person so identified; and,

E. The basis for the privilege. If you assert a privilege as to any portion of any categories of materials described herein, please produce the remainder of that category as to which you do not assert a privilege.

## 4. LOST DOCUMENTS OR THINGS

If any document to be produced was, but is no longer in your possession and control, or is no longer in existence, state whether it is:

(1) Missing or lost, destroyed or transferred voluntarily or involuntarily to others, and if so, to whom; or how otherwise disposed of; and,

2

(2) For each such instance, explain the circumstances surrounding the authorization for such disposition; the person authorizing such disposition; and the date of such disposition.

## 5. DEFINITIONS

A. As used in this Request, the term "document" means, without limitation, the following items: printed, recorded or produced by mechanical or computer generated process, or written or produced by hand, and includes without limitation, handwritings, typewritings, printing, photostating, photographing and every other means of recording or preserving a verbatim summary or record of any form of communication or representation, including letters, words, pictures, sounds, symbols or any combination thereof and/or all transcript copies thereof; all records, reports, papers, documents, books, logs, diaries, calendars letters, notes, memoranda, agreements, communications, brochures, correspondence, telegrams, computer diskettes, copies of computer diskettes, computer print-outs in any form, summaries of records of telephone conversations, summaries of records of meetings or conferences, summaries of reports of investigations, paste-ups, lay-outs, mock-ups statements, receipts, invoices, records of account and other writings as that term is defined by Evidence Code §§250.

B. The terms "refer or relating to" mean connected with, reflecting, having an association with, depicting, illustrating, discussing, mentioning or otherwise having some direct or indirect relation to the allegations contained in Plaintiff's Complaint in this matter.

C. "You" shall mean and include Jefferson County, Defendants-Jefferson County Coroners & Medical Examiners Office (**JCCMEO**), its agents, representatives and employees.

D. "**Plaintiff**" shall mean the plaintiff in this action, **Rockefeller F. Cooper II**.

## DOCUMENTS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

Copies of all documents, including exam with scores that were used to hired ALL of the morgue supervisors and morgue technologists who worked at JCCMEO during the PLAINTIFF's term of employment.

REQUEST FOR PRODUCTION NO. 2:

All writings which constitute or refer to YOUR files regarding the termination of plaintiff's employment out of which this lawsuit arises.

REQUEST FOR PRODUCTION NO. 3:

All writings which constitute or refer to YOUR files regarding the qualifications, exam scores for hiring and job skills for the person(s) hired by You for the position(s) of Morgue Technologist that plaintiff applied for.

REQUEST FOR PRODUCTION NO. 4:

All writings, manuals, booklets which describe, concern and/or refer to the criteria for hiring for the position(s) as Morgue Technologist at the Jefferson County Coroner & Medical Examiner Ofice that plaintiff applied for.

REQUEST FOR PRODUCTION NO. 5:

All documents which constitute or refer to communications between YOU and any employee of the Jefferson County pertaining or referring to any allegation(s) by Plaintiff that the Defendants treated him unfairly in regard to his employment with JCCMEO.

REQUEST FOR PRODUCTION NO. 6:

All documents which constitute or refer to communications between YOU and any third party, pertaining or referring to the Plaintiff's job skills or qualifications.

REQUEST FOR PRODUCTION NO. 7:

All documents which constitute or refer to any contention YOU have that plaintiff has suffered NO damages, in connection with his employment ending with Jefferson County, in March of 2017.

REQUEST FOR PRODUCTION NO. 8:

Copies of document to support inefficiencies or lack of knowledge on the part of PLAINTIFF as it relates to him not carrying out his job task according to standards set by JCCMEO that were submitted by other forensic pathologists/ supervisors within his operational unit.

REQUEST FOR PRODUCTION NO. 9:

Any personnel or employment or other file on PLAINTIFF in which notations or comments regarding PLAINTIFF'S job performance, honesty, ability, diligence and other similar factors were recorded during his term of hire.

REQUEST FOR PRODUCTION NO. 10:

Copies of all application forms, initial appraisals and subsequent evaluations of all morgue technologists that were under supervision of Mr. Randy Roper from the period of January 1, 2006-March 29, 2017.

REQUEST FOR PRODUCTION NO. 11:

Copy of Birmingham's weather report for February 5, 2017 showing weather status as it relates to the time PLAINTIFF was scheduled to begin and be at work.

REQUEST FOR PRODUCTION NO. 12:

Any and all documents showing the format of evisceration of bodies per JCCMEO protocol which was reviewed and signed by PLAINTIFF so as to support his deliberate non-adherence to JCCMEO policy during his term of employment.

REQUEST FOR PRODUCTION NO. 13:

Documentations of all African-American male Residents and/or Fellows as well as Foreign nationales in the same capacity who rotated through JCCMEO over the past 20 years and were rendered assistance/training by Defendant Julianna Dufek.

REQUEST FOR PRODUCTION NO. 14:

All documents describing or referring to any affirmative action plans of Jefferson County, in regard to hiring of African-American and other racially black employees of foreign national origin.

REQUEST FOR PRODUCTION NO. 15:

All documents describing or referring to the hiring of African-American and Black employees of Foreign-nationality by Jefferson County, who were assigned to JCCMEO as Morgue Technologists and supervised by Defendant Julianna Dufek over the past 10 -15 years.

REQUEST FOR PRODUCTION NO. 16:

Each and every written policy or procedure in effect at the time of PLAINTIFF'S termination concerning how and when YOUR employees may be disciplined, demoted or terminated.

REQUEST FOR PRODUCTION NO. 17:

Each and every document regarding the qualifications for employment as for Plaintiff's job duties from January 1, 2000 to November 16, 2016.


REQUEST FOR PRODUCTION NO. 18:

Documents which describe all supervisory functions of the position(s) held by Defendant Julianna Dufek, while working for YOU and the duties of same (i.e. job descriptions, etc.).


REQUEST FOR PRODUCTION NO. 19:

Documents which refer or constitute communications between PLAINTIFF and any supervisor, director or overall boss during PLAINTIFF's employment with YOU, including but not limited to documentation describing  memos, letters, e-mails and the attachments, rebuttals, explanations, complaints (verbal and written), etc.


REQUEST FOR PRODUCTION NO. 20:

Any and all documents showing "Supervisory" performance reviews or evaluations of DEFENDANT Julianna Dufek during PLAINTIFF'S employment with YOU since he was noted for repeatly performing various job tasks in his own preference, an action of his could reflect the sort of training  he got from his supervisor.


REQUEST FOR PRODUCTION NO. 21:

Copy of Defendant Julianna Dufek's phone record (205-910-7374) from January 23rd -26th, 2017 and February 5, 2017 as it relates to calls she received from PLAINTIFF.


REQUEST FOR PRODUCTION NO. 22:

Any and all documents reflecting any e-mail or hard copy sent by YOU during Plaintiff's employment, to or concerning Plaintiff.


REQUEST FOR PRODUCTION NO. 23:

Documents responding to any form of complaints, oppositions or rebuttals that were made by PLAINTIFF to Dr. Greg Davis as head/Chief Medical Examiner of JCCMEO.


REQUEST FOR PRODUCTION NO. 24:

Each and every document which YOU believe supports any and all denials of the allegations in PLAINTIFF'S instant Complaint.

REQUEST FOR PRODUCTION NO. 25:

Documents describing, summarizing or referring to conversations between or among agents or employees of YOURS regarding PLAINTIFF'S job performance and interactions with co-workers.


REQUEST FOR PRODUCTION NO. 26:

Documents describing, summarizing or referring to any investigation EVER conducted by YOU, at any time, referring in any way to any employee's allegations of mistreatment (discrimination, wrongful termination, etc.) against African-Americans in employment, hiring and promotion.


REQUEST FOR PRODUCTION NO. 27:

Documents describing, summarizing or referring to any complaints made against you by ANY employee of Jefferson County, constituting or pertaining to allegations of wrongful termination, discrimination or retaliation ever before.


REQUEST FOR PRODUCTION NO. 28:

Documents describing, constituting, summarizing or referring to Plaintiff's time records as an employee of the City, for the period of November, 2016 to March, 2017.


REQUEST FOR PRODUCTION NO. 29:

Documents describing, constituting, summarizing, supporting or referring to protocols put in place for the prevention of "mishaps" within the PLAINTIFF's operational unit prior to, during and immediately after the conduction of autopsies.


REQUEST FOR PRODUCTION NO. 30:

Documents describing, constituting, summarizing, supporting or referring to unsatisfactory performances by the plaintiff.


REQUEST FOR PRODUCTION NO. 31:

Copies of all application forms, initial appraisals and subsequent evaluations of all morgue technologists that were under supervision of Defendant Julianna Dufek from the period of January 1, 2006- March 29, 2017.

7

REQUEST FOR PRODUCTION NO. 32:

Original Policies describing, constituting, summarizing, supporting or referring to the necessary actions needed to be taken if an employee cannot make it to his/her assigned department on time as set forth Jefferson County.

REQUEST FOR PRODUCTION NO. 33:

Documents to support the proper monitoring of employees of JCCMEO within the Plaintiff's operational unit to prove when an employees did come to work on time, took breaks at designated times, concluded work days on time and compensation for working after the designated work hours.

By: _____
Rockefeller F. Cooper II
Plaintiff,

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2018, I submitted an electronic copy of this document to Atty. F. Brady Rigdon at rigdonb@jccal.org as agreed upon by both parties.

3502 Inverness Cliffs Dr.
Birmingham, AL 35242
* 334-233-9274